JACKSON, *ex dem.* LIVINGSTON AND OTHERS, *against* HALLEN-
BECK.

NEWYORK,
October, 1816.

JACKSON
*v.*
HALLENBECK.

THIS was an action of ejectment, brought to recover thirty-four acres of land, in lot No. 124., in the *Lunenburgh* patent. The cause was tried before Mr. Justice *Platt*, at the *Greene* circuit, in *September*, 1815.

The plaintiff produced in evidence the *Lunenburgh* patent, dated the 25th of *May*, 1667, which, by deed dated the 30th of *July*, 1750, was divided between the proprietors, of whom *Johannes Provoost* and *Abraham Staats* had purchased one third ; and in the partition 43 lots had fallen to the share of *Abraham Provoost*, *Sybrant Van Schadk*, and *Jacob Roseboom*, who were the representatives of *Johannes Provoost* and *Abraham Staats.* The representatives of *Provoost* and *Staats*, by deed of partiton, dated the 7th of *August*, in the 24 *Geo.* II. divided their third of the patent, excepting thirteen lots, of which lot No. 124. is one, which it was declared should remain undivided, one half thereof belonging to *Provoost*, and the other half to *Roseboom* and *Van Schaak*. *Abraham Provoost*, by deed, dated the 10th of *August*, 1750, conveyed his lands, in the *Lunenburgh patent*, to his eldest son and heir at law, *Johannes*, who died, leaving four brothers ; *Samuel*, the eldest, and heir at law, *Hendrick*, *Jacob*, and *Isaac ;* and *Samuel* had issue, *Hendrick* and *Catharine*, of whom there are no descendants living. *Abraham Provoost*, one of the lessors of the plaintiff, is the son of *Jacob Provoost*, and is the only one of the family now surviving.. The title of the other lessors of the plaintiff, as far as can be collected from the case, it is unnecessary to state.

The defendant gave in evidence the will of *Johannes Provoost*, dated *November* 5th, 1751, who devised all his estate to *Catharine*, his wife, during her widowhood, remainder to his four brothers, *Hendrick*, *Samuel*, *Jacob*, and *Isaac*, in fee. *Sarah*, who married *John Low*, was the daughter and heir at law of *Jacob Provoost*. The defendant also gave in evidence a deed, dated *June* 25th, 1772, from *Catharine Provoost*, widow of *Johannes Provoost*, *Samuel Provoost*, and *Isaac Provoost*, to *John Low*, and *Killian Van Rensselaer*, which recited that disputes had arisen between the devisees of *Johannes Provoost*, and *John Low*, and *Sarah*, his wife, as to her proportion in the

*A.* being the owner of certain lands in the *Lunenburgh* patent, died, after having devised the same to his wife during her widowhood, remainder to *B.* and his other three brothers : a dispute having arisen between *C.*, the daughter of *B.*, and her husband, and the other devisees of *A.*, as to the portion of land to which she was entitled, her portion was ascertained and conveyed, in 1772, to *C.'s* husband ; and certain persons were appointed by the deed to locate and reduce to severalty her share, on any of the lands within the patent in the possession of the parties of the first part, or their tenants; the defendant entered upon the premises in question, 23 years before the trial, claiming title under the husband of *C.;* and in an action of ejectment by persons claiming under *A.*, it was held, that there was such an adverse possession in the defendant as barred the action, which could not be repelled by showing that he had obtained his possession from the tenants of the lessors of the plaintiff, or their ancestors, as it was to be presumed, after such a lapse of time, that the persons appointed to locate the share of *C.* had located it upon lands in the possession of tenants, as they were authorized to do.

NEW YORK,    *Lunenburgh* patent, and that, for the purpose of settling these
October, 1816.    disputes, *Low* and his wife had, by deeds of lease and release,
JACKSON    bearing date the 3d and 4th of *February*, 1772, granted to *Kil-*
v.    *lian Van Rensselaer* all their interest in the patent, in trust, and
HALLENBECK.    to the uses in the said deed of release mentioned; the parties
then covenanted, that the parties of the second part were en-
titled, under *Johannes Provoost*, and otherwise, to one equal
undivided fourth part of one equal undivided sixth part, and
also to one equal sixth undivided part of one other equal undi-
vided sixth part of the lands granted by the said letters patent;
and that *Robert Yates*, *Nanning Vischer*, and *Gysbert Marsellis*,
jun., and any two of them, were authorized, with all convenient
speed, to locate and reduce to severalty, the several undivided
tracts above granted, in, from, and out of, the lands now in the
tenure and occupation of the parties of the first part, their
tenants or assigns, and out of the lands parcel of the said tract,
which, by any former division, had been allotted to the parties
of the first part, or to any person under whom they claim or
derive title to the said tract, and out of such parts of the said
tract, which had, on such division, been allotted to the rights
of *Johannes Provoost*, the grandfather of his son, *Abraham Pro-*
*voost*, or any persons claiming under them; and in case of de-
ficiency, then such deficiency to be taken out of such lands as
remain in common and undivided in the said patent.    The de-
fendant then gave in evidence a deed from *Killian Van Rensse-*
*laer* to *Casper I. Hallenbeck*, for lot No. 81., in the patent of
*Lunenburgh*, dated *September* 21st, 1774, and the will of *Cas-*
*per I. Hallenbeck*, dated *September* 4th, 1795, by which he de-
vised to the defendant, his son.

It was proved by *John C. Hallenbeck*, that the defendant's
father was in possession of the land which he occupied, in lot
No. 124., 23 years before the trial, and claimed under a purchase
from *Low*.    It also appeared that *Peter Bastian*, a negro, and
one *Egbertson*, were in possession each of a few acres of the
premises, when the defendant's father entered.    They held un-
der *Johannes Provoost*, and paid their rent in mowing and work,
and the defendant's father obtained the possession from them.
At the time the defendant's father took possession of the premi-
mises, *Isaac Provoost* lived within a mile and a quarter of lot
No. 124., and *Abraham Provoost* lived within two miles, and
afterwards, within a quarter of a mile.

The plaintiff, on the trial, abandoned his claim to that part of the premises which was originally possessed by the defendant's father, in lot No. 81., and a verdict was taken for the residue, subject to the opinion of the court.

*E. Williams* and *Fraser,* for the plaintiffs. They cited 1 *Johns. Rep.* 156.   3 *Johns. Rep.* 499.   6 *Johns. Rep.* 34.   9 *Johns. Rep.* 174.   10 *Johns. Rep.* 475.

*Van Beuren* (Attorney-General) and *Van Vechten*, contra.

THOMPSON, Ch. J., delivered the opinion of the court. The premises in question are about 34 acres of land, in lot No. 124., in the *Lunenburgh* patent. The case does not disclose who are the lessors of the plaintiff, and we cannot, therefore, say whether they have made out a title in themselves. If, however, the decision of the case turned upon the question of title, it might be proper to call upon the parties for this information. But, for the present, we assume, that such title is made out in some of the lessors, so as to entitle the plaintiff to recover, were it not for the adverse possession shown on the part of the defendant. From this testimony, it appears that the first occupants of the premises were *Peter Bastian* and *Jacob Egbertson*, and, upon the nature of this possession, and the manner in which it was afterwards acquired by the defendant's ancestor will, in a great measure, depend the result of this suit. From the testimony of *John C. Hallenbeck*, it appears that *Casper I. Hallenbeck*, the father of the defendant, obtained possession in part from *Bastian*, and in part from *Egbertson*, claiming the land, however, under a purchase, from *John Low*. On the part of the plaintiff, it is contended, that *Bastian* and *Egbertson* were the tenants of *Johannes Provoost*, under whom the lessors of the plaintiff claim, and, therefore, the attornment to *Hallenbeck* was void.

To a right understanding of the nature of the possession, it will be proper to notice the relation in which *Low*, under whom the defendant claims, stood to the *Provoosts*, and how his right originated. He, it appears, married *Sarah Provoost*, the daughter and heir at law of *Jacob Provoost*, who, together with *Samuel* and *Isaac Provoost*, were the devisees in the will of *Johannes Provoost*, dated in the year 1751. There

being a dispute as to what right *Sarah* had in the land of her grandfather, *Johannes*, the other devisees, *Isaac* and *Samuel*, together with the widow of *Johannes*, in the year 1772, conveyed to *John Low* and *Killian Van Rensselaer*, one fourth of a sixth, and one sixth of a sixth of the lands granted in the patent, to be located by *Robert Yates*, *Nanning Vischer*, and *Gysbert Marsellis*, on any lands they should thing proper, either in the possession of the parties of the first part, or their tenants, and either on any lands that had been allotted to *Johannes*, their grandfather, or to his son *Abraham*, and in case of any deficiency, then to be taken out of any lands which lay in common and undivided. It appears, that the possession taken by *Casper I. Hallenbeck*, claiming under a purchase from *Low*, was more than 20 years before this suit was brought. Under this state of facts, no great weight is to be attached to the alleged tenancy of *Bastian* and *Egbertson*. The extent of their improvements was very inconsiderable. *Bastian* was a negro man, formerly owned by *Johannes Provoost*, and, as the case states, paid his rent in mowing. *Egbertson*, also, paid some trifling rent in work. He has, however, been dead nearly 30 years, and *Samuel Provoost*, (to whom the rent is said to have been paid,) nearly 40 years, which makes it, at all events, a very stale tenancy. But admitting they might be considered tenants of *Provoost*, it would not necessarily follow that the possession taken from them by *Hallenbeck* was fraudulent and void. *Low*, also, claimed to derive his title from *Johannes Provoost*, in right of his wife *Sarah*, under the deed of 1772. And, under this deed, the persons appointed to locate *Sarah's* right, had authority to make such location upon any part of the land, whether in the occupation of a tenant or not, and after such a lapse of time, and such a length of possession, it is no more than reasonable to presume such location to have been made upon the premises, and possession taken under such right. This presumption is very much strengthened by the circumstance, that when *Casper I. Hallenbeck* took the possession, *Isaac* and *Abraham Provoost* lived near the premises, and no objection appears to have been made. Under these circumstances, the tenancy set up in *Bastian* and *Egbertson*, is too vague and equivocal to work any prejudice to the defendant's possession; and this possession having been taken, under claim of title from *Low*, and held for

more than 20 years, the defendant ought not now to be disturbed, and is, accordingly, entitled to judgment.

Judgment for the defendant.